FILED
January 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002361486

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, California 95353
Telephone: (209) 521-8100
Facsimile: (209) 524-8461

Attorney for Debtors
Emil & Evelyn Gamble

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re:<br><br>Emil Gamble and<br>Evelyn Gamble,<br><br>2012 N Crest Court<br>Modesto, CA 95355<br><br>SS. XXX-XX-0641<br>SS. XXX-XX-4134<br><br>　　　　　　　　　　Debtors. | Case No: 08-92089-D-11<br><br>DC NO. CWC-5<br><br>Chapter 11 case<br><br><br>Date: January 27, 2010<br>Time: 1:00 p.m.<br>Place: Modesto Courtroom<br>　　　　　Department D |

**FIRST AMENDED PLAN OF REORGANIZATION**
**(January 20, 2010)**

Emil Gamble and Evelyn Gamble, as debtors and debtors-in-possession in the above-captioned case, propose the following plan pursuant to Chapter 11 of Title 11, United States Code:

**Definitions**

<u>Allowed Claim</u> means a Claim:

1. With respect to which a Proof of Claim has been timely filed; and

(a) Either is not a disputed claim (but only to the extent that such Claim is not a disputed claim); or

(b) The Claim has been allowed (and only to the extent allowed) by a final Order.

2. That appears on the schedules and list of creditors prepared and filed with the Bankruptcy Court and is not listed as disputed, contingent, unliquidated or unknown as to amount.

3. No Claim shall be considered an Allowed Claim if an objection to the allowance thereof is interposed at any time and such objection has not been denied by an order or judgment that is no longer subject to appeal and as to which no appeal is pending.

<u>Case</u> shall mean the bankruptcy case commenced on September 30, 2008, by the debtors filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, which petition was assigned Case No. 08-92089. On January 23, 2009, such case was converted to a case under Chapter 11 of the Bankruptcy Code.

<u>Chapter 11</u> shall mean Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-46.

<u>Claim</u> shall be defined as in § 101(5) of the Code.

<u>Code</u> shall mean the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

<u>Confirmation</u> shall mean entry by the Court of an order confirming the Plan in accordance with Chapter 11.

<u>Court</u> shall mean the United States Bankruptcy Judge for the Eastern District of California (Modesto Division).

<u>Creditor</u> shall be defined as in § 101(10) of the Code.

<u>Debtors</u> shall mean Emil Gamble and Evelyn Gamble doing business as Modern Cuts and California Beauty Supply.

<u>Debtors-in-Possession</u> or similar phrase shall mean the debtors in the capacity and with the status and rights conferred by § 1107 of the Code.

Effective Date shall mean thirty (30) days after an order confirming this Plan has become final and unappealable.

Plan shall mean this First Amended Chapter 11 Plan dated January 20, 2010, as the same may be modified from time to time in accordance herewith or pursuant to applicable law.

Reorganized Debtors mean Emil Gamble and Evelyn Gamble doing business as Modern Cuts and California Beauty Supply after Confirmation of the Plan.

Substantial Consummation of the Plan or similar phrases shall be defined as in 11 U.S.C. § 1101(2).

## ARTICLE I

## Treatment of Claims and Interests

The claims of creditors and interests of equity holders are classified in the following classes and will be treated as explained below:

**Class 1. Administrative Claims.** This class generally includes all administrative expenses of the Chapter 11 case allowed by the court under § 503(b) of the Code and entitled to priority under § 507(a)(1) of the Code. Unless a holder of a claim for such expenses agrees to a different treatment of its claim, all undisputed administrative expenses shall be paid in the amount allowed by the court in full, in cash, within thirty (30) days following the Effective Date. This is a non-voting class. Disputed claims will be paid upon resolution of the dispute in the amount allowed by the court or according to the mutual agreement of the claim holder and the debtors. To the extent that an administrative expense claim representing an allowance of compensation or reimbursement of expenses by Final

Order under §§ 503(b)(2), 503(b)(3) or 503(b)(4) of the Code is not paid in full within thirty (30) days following the effective date, whether or not allowed by Final Order prior to such date, the unpaid portion of such administrative expense claim shall bear interest at the rate of 5.25% per annum for the period beginning on the thirtieth (30th) day following the effective date and accrue until the date of payment. It is estimated that total Administrative Claims equal $20,000.00 of which $218.58 is being held on deposit in the attorney/client trust account of counsel for the Debtors.

**Class 2. Tax Claims.** This class includes all undisputed claims for taxes, whether secured or entitled to priority under § 507(a)(8) of the Code. Commencing 90 days after the Effective Date, each holder of an allowed claim of this class will receive quarterly cash payments distributed pro rata over a period not exceeding five years from the Petition Date, as allowed by the court, and equal to the allowed amount of the holder's claim. The unpaid portion of such claims shall bear interest at the rate of 5.25% per annum. The holders of such claims shall retain any liens perfected pre-petition securing such claims. Disputed claims will be paid upon resolution of the dispute in the amount allowed by the court or according to the mutual agreement of the claim holder and the debtors. It is estimated that total Tax Claims equal $24,203.85. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 3. Allowed Unsecured Claims Less Than $2,500.00.**

This class includes the claims of General Unsecured Creditors allowed by the court in an amount less than $2,500.00.

The holders of these claims shall be paid in full as an administrative convenience within thirty (30) days following the Effective Date. The allowed amount of the unsecured claims payable under this class shall not accrue interest. It is estimated that total Allowed Unsecured Claims Less Than $2,500.00 equal $4,479.78. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 4. Secured Claim of GMAC (Savanna).** This class shall consist of the claim of GMAC secured by a security interest in the Debtors' 2006 GMC Savanna motor vehicle, VIN 1GTGG29V561153805. Pursuant to the Proof of Claim filed by GMAC in the case, the Class 4 Claim shall be allowed in the amount of $13,263.19 as of September 30, 2008, less any principal reductions since that date. GMAC, or its assignee, shall retain its security interest according to the instruments creating same, and shall receive payments pursuant to its note, and its claim shall bear interest at the rate specified in the note until paid in full. This class of claim is not impaired within the meaning of 11 U.S.C. § 1124.

**Class 5. Secured Claim of GMAC (Yukon).** This class shall consist of the claim of GMAC secured by a security interest in the Debtors' 2005 GMC Yukon motor vehicle, VIN 1GKEK13T85R226662. Pursuant to the Proof of Claim filed by GMAC in the case, the Class 5 Claim shall be allowed in the amount of $15,625.73 as of September 30, 2008, less any principal reductions since that date. GMAC, or its assignee, shall retain its security interest according to the instruments creating same, and shall receive payments pursuant to its note, and its claim shall bear interest

at the rate specified in the note until paid in full. This class of claim is not impaired within the meaning of 11 U.S.C. § 1124.

**Class 6. Secured Claim of Finance and Thrift Company (Lexus).** This class shall consist of the claim of Finance and Thrift Company secured by a security interest in the Debtors' 2001 Lexus ES 300 motor vehicle, VIN JT8BF28G910310118. Pursuant to the Proof of Claim filed by Finance and Thrift Company in the case, the Class 6 Claim shall be allowed in the amount of $3,896.54 as of September 30, 2008, less any principal reductions since that date. Finance and Thrift Company, or its assignee, shall retain its security interest according to the instruments creating same, and shall receive payments pursuant to its note, and its claim shall bear interest at the rate specified in the note until paid in full. This class of claim is not impaired within the meaning of 11 U.S.C. § 1124.

**Class 7. Secured Claim of Finance and Thrift Company (Mitsubishi).** This class shall consist of the claim of Finance and Thrift Company secured by a security interest in the Debtors' joint interest in a 2004 Mitsubishi Lancer motor vehicle, VIN JA3AJ26E04U035277. The Debtors share an interest in this vehicle with Tracy Rios. The Debtors shall surrender their interest in said vehicle to Finance and Thrift Company. Pursuant to the Proof of Claim filed by Finance and Thrift Company in the case, the Class 7 Claim shall be allowed in the amount of $5,455.00 as of September 30, 2008, less any principal reductions since that date and shall be treated as a general unsecured claim under Class 13 of this plan. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 8. Secured Claim of American Honda Finance.** This class shall consist of the claim of American Honda Finance secured by a security interest in the Debtors' 2006 Acura TSX motor vehicle, VIN JH4CL96956C010334. Pursuant to the Proof of Claim filed by American Honda Finance in the case, the Class 8 Claim shall be allowed in the amount of $15,886.89 as of September 30, 2008, less any principal reductions since that date. American Honda Finance, or its assignee, shall retain its security interest according to the instruments creating same, and shall receive payments pursuant to its note, and its claim shall bear interest at the rate specified in the note until paid in full. This class of claim is not impaired within the meaning of 11 U.S.C. § 1124.

**Class 9. Secured Claim of HomEq Servicing as servicing agent for U.S. Bank National Association, Trustee.** This class shall consist of the claim of HomEq Servicing as servicing agent for U.S. Bank National Association, Trustee ("HomEq") secured by a first deed of trust on the Debtors' interest in real property located at 2012 Northcrest Court, Modesto, California 95355. Pursuant to an agreement between the parties, the promissory note in favor of HomEq shall be modified as follows:

    a. HomEq shall have an allowed Class 9 secured claim in the sum of $472,094.76 as of January 31, 2010 amortized over a 30 year period and accruing interest at the rate of five and one quarter percent (5.25%) per annum from until paid in full;

    b. The Class 9 claim shall be paid in monthly installments of $2,617.48 commencing February 1, 2010 and continuing on the 1st day of each month thereafter until paid in full;

c.  Principal may be prepaid at any time without the payment of a prepayment premium or other penalty;

d.  No further impounds shall be required or due under the note as the Debtors will acquire their own insurance coverage on the property and pay their own real property taxes; and

e.  HomEq shall retain its deed of trust according to the instruments creating same.

This class of claim is not impaired within the meaning of 11 U.S.C. § 1124.

**Class 10.  Secured Claim of TCIF, LLC.** This class shall consist of the claim of TCIF, LLC secured by a second deed of trust on the Debtors' interest in real property located at 2012 Northcrest Court, Modesto, California 95355. Pursuant to the Proof of Claim filed by TCIF, LLC in the case, the debt owed to TCIF, LLC by Debtors was $117,338.46 as of September 30, 2008. Debtors contend that the value of the real property subject to the second deed of trust in favor of TCIF, LLC is $400,000.00. There is no equity in the real property given the amount of the senior secured claim of HomEq Servicing as servicing agent for U.S. Bank National Association, Trustee secured by a first deed of trust in the real property in the amount of $472,094.76. The Class 10 Claim shall be allowed as a secured claim in the amount of $0.00 and the deficiency or undersecured portion of the Class 10 claim shall be treated as a general unsecured claim under Class 13 of this plan in the amount of $117,338.46 as of September 30, 2008, less any principal reductions since that date. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 11. Secured Claim of Leaf Funding, Inc.** This class shall consist of the claim of Leaf Funding, Inc. secured by a security interest in the Debtors' equipment of their Modern Cuts business located at 2160 Pacheco Blvd., Los Banos, CA. Pursuant to the Proof of Claim filed by Leaf Funding, Inc. in the case, the debt owed to Leaf Funding, Inc. by Debtors was $32,771.81 as of September 30, 2008. Debtors contend that the value of the equipment subject to the security interest in favor of Leaf Funding, Inc. is $3,000.00. The Class 11 Claim shall be allowed as a secured claim in the amount of $3,000.00 and the deficiency or undersecured portion of the Class 11 claim shall be treated as a general unsecured claim under Class 13 of this plan in the amount of $29,771.81 as of September 30, 2008, less any principal reductions since that date. Leaf Funding, Inc. shall retain its security interest according to the instruments and statutes creating same. Interest shall accrue at the rate of 5.25% per annum on the Class 11 Claim. Payments shall be made monthly on the secured claim in the amount of $250.00 commencing on the 15th day of the month following the Effective Date of the Plan and continuing on the 15th day of each month thereafter until paid in full. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 12. Secured Claim of ILS Funding, LLC.** This class shall consist of the claim of ILS Funding, LLC secured by a security interest in the Debtors' equipment of their California Beauty Supply business located at 1045 Sperry Avenue, Patterson, CA. ILS Funding, LLC has not filed a Proof of Claim in the case. The Debtors have listed ILS Funding, LLC in Bankruptcy Schedule D

as a secured claim in the amount of $38,000.00. Debtors contend that the value of the equipment subject to the security interest in favor of Leaf Funding, Inc. is $3,000.00. The Class 12 Claim shall be allowed as a secured claim in the amount of $3,000.00 and the deficiency or undersecured portion of the Class 12 claim shall be treated as a general unsecured claim under Class 13 of this plan in the amount of $35,000.00 as of September 30, 2008, less any principal reductions since that date. ILS Funding, LLC shall retain its security interest according to the instruments and statutes creating same. Interest shall accrue at the rate of 5.25% per annum on the Class 11 Claim. Payments shall be made monthly on the secured claim in the amount of $250.00 commencing on the 15th day of the month following the Effective Date of the Plan and continuing on the 15th day of each month thereafter until paid in full. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

**Class 13. General Unsecured Claims.**

This class includes the claims of General Unsecured Creditors allowed by the court. The holders of such claims shall be paid 10% of the allowed amount of such claim with no interest accruing on such claims. Payments on the allowed unsecured claims shall be made pro rata over 5 years on an annual basis in the estimated amount of $11,730.18 commencing no later than December 31, 2010 and continuing thereafter until paid in full. It is estimated that General Unsecured Claims including the estimated undersecured claims total $586,509.00. This class of claim is impaired within the meaning of 11 U.S.C. § 1124.

# ARTICLE II

## Executory Contracts

On the Effective Date, any executory contract or unexpired lease previously assumed by order of the Bankruptcy Court shall be assumed.

On the Effective Date, the following unexpired leases shall be assumed:

1. Lease with J&S Management for Modern Cuts located at 1717 Oakdale Road, Suite J-1, Modesto, CA 95355;
2. Lease with O'Brien's Development Co. for Modern Cuts located at 6333 Oakdale Road, Suite C, Riverbank, CA 95367;
3. Lease with Roseburg Square Partners LP for Modern Cuts located at 821 W. Roseburg Avenue, Modesto, CA 95350;
4. Lease with Sterling Group for Modern Cuts located at 2160 Pacheco Blvd. Suite E, Los Banos, CA 95365; and
5. Lease with Sterling Group for California Beauty Supply located at 2160 Pacheco Blvd. Suite T, Los Banos, CA 95365.

Unless otherwise agreed by the parties to the assumed contract or lease, all defaults shall be cured on or before the Effective Date.

All executory contracts and unexpired leases not expressly assumed are hereby rejected. All Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court within 30 days from Confirmation. Failure to file such a Proof of Claim within the time provided shall forever bar the assertion of such a Claim against the estate.

# ARTICLE III

## General Provisions

The Debtors shall make the payments and distributions as required under the Plan.

**Modification of the Plan.** As the proponent of the Plan, only the Debtors may modify the Plan. Any modification shall be consistent with the Bankruptcy Code and subject to approval of the Bankruptcy Court.

**Authority of the Debtors over Property under the Plan.** The Debtors shall have the authority to sell, lease, or borrow against any real or personal property after the Effective Date without seeking special authorization by the Court. However, the Debtors shall have the right to seek such Court approval if it deems appropriate.

**Objections to Claims.** The Debtors and their counsel shall review the Claims filed by creditors in any Class, or Claims which are deemed filed pursuant to the provisions of 11 U.S.C. § 1111, and may object to any Claim which appears as improper. The Debtors shall have the authority to object to all Claims in interest including but not limited to those listed as unimpaired. The Debtors shall have the authority to object to all Claims in interest, including those scheduled as disputed, unliquidated, or impaired. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**Employment and Compensation of Professionals and Insiders.** Professional fees for services rendered after the filing date but prior to the Confirmation Date shall be fixed by the Court after the notice required by law and shall be paid pursuant to the Plan. The Debtors may engage any professionals after the date of Confirmation as they deem appropriate. Fees for all legal and other professional services rendered after the date of

Confirmation may be reviewed and paid by the Debtors on a monthly basis without Court review or notice to creditors. Such fees, if in connection with the Plan, objection to Claims, or litigation to recover assets to satisfy the Debtors' obligations under the Plan, shall be paid by the Debtors directly. Upon the Effective Date of the Plan, professionals employed by the Debtors or Debtors-in-Possession prior to the Effective Date, shall be discharged from all further responsibility to the Debtors or the estate, and any further responsibility shall be undertaken only prospectively as to the Debtors in their capacity as Reorganized Debtors.

**Effect of Confirmation of Plan.** Except as otherwise provided in the Plan or Confirmation Order, the Confirmation Order of this Plan shall: (1) vest all of the property of the estate in the Debtors except as otherwise provided herein; and (2) bind the Debtors, their creditors, holders of equity interests, and any persons or entities under the Plan to the Plan's provisions, regardless of whether they accepted the Plan.

**Discharge.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in 11 U.S.C. § 1141(d)(5). The Debtors will not be discharged from any debt excepted from discharge under 11 U.S.C. § 523, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Plan Execution.** The Plan shall be implemented by the Debtors utilizing the continued income and receipts generated by their business operations and making disbursements, as set forth under Article I of this Plan.

**Post-Confirmation United States Trustee Quarterly Fees, Reports And Final Decree.** The quarterly fees of the United States Trustee shall be paid by the Reorganized Debtors until the case is converted, dismissed or closed by the entry of a final decree as provided in 28 U.S.C. § 1930(a)(6). At the end of each calendar quarter the Reorganized Debtors shall file with the Court and serve upon the United States Trustee within twenty (20) days after expiration of the reported quarter a post-confirmation status report which includes a statement of receipts and disbursements with the ending cash balance for the entire 90 day period and information sufficient to explain the progress made towards the administration of the confirmed plan of reorganization. The Reorganized Debtors shall file and serve such post-confirmation status reports until the case is converted, dismissed or closed by the entry of a final decree.

**Jurisdiction of the Court.** Following confirmation of the plan, the Bankruptcy Court shall retain jurisdiction to the full extent permitted pre-Confirmation under 28 U.S.C. §§ 1334 and 157. Without limiting in any manner the scope of the foregoing, the Bankruptcy Court shall maintain jurisdiction for the purposes of: (1) fixing and determining the amount and priority of all Claims and administrative expenses; (2) Determining the allowability of disputed Claims or interests, together with the Claims of the Debtors; (3) hearing and determining any disputes relating to the terms of or implementation of the Plan or curing any defect, inconsistency, or omission in the Plan or confirming a modified Plan pursuant to 11 U.S.C.§ 1127(b) of the Bankruptcy Code; (4) issuing any order necessary or appropriate to

implement the terms of the plan, including but not limited to sales of property; (5) determining the nature, extent, validity, and priority of any and all asserted liens or interests in property of the estate, including proceeds thereof and to determine allowed amounts of all administrative, secured, unsecured, and priority Claims and any and all issues relating thereto; (6) adjudicating any rights for relief by the Debtors based on transactions or events which arose before or after the Plan, including without limitation Claims for relief on behalf of the Debtors' estate based on avoiding powers set forth in §§ 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code so long as the matter affected administration of the bankruptcy case or will affect matters under the Plan; (7) making determinations under § 505 of the Bankruptcy Code; and (8) entering a final decree concluding and terminating the case.

## ARTICLE IV

## Miscellaneous Provisions

**Severability**

Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision in the Plan is either illegal on its face or illegal as applied to any Claim or interest, such provision shall be unenforceable either as to all holders of Claims or interests or as to the holder of such Claim or interest as to which the provision is illegal, respectively. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**Headings**

The headings of the articles, paragraphs, and sections of this Plan are inserted for convenience only and shall not affect the interpretation hereof.

**Notices under the Plan**

Written notices shall be addressed as follows:

| | |
|---|---|
| Emil & Evelyn Gamble | Carl W. Collins, Esq. |
| 2012 Northcrest Court | P.O. Box 3291 |
| Modesto, CA 95355 | Modesto, California 95353 |

The Debtors shall be responsible for notifying any creditor or the creditor's designated agent of any change in the appropriate mailing addresses.

**Section 1129(b) Election**

If the requirements of all provisions of § 1129(a) of the Bankruptcy Code, except Paragraph (8) thereof, are met with regard to the Plan, the Debtors hereby request Confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code.

**Preservation of Causes of Action**

Any and all causes of action which the Debtors may currently possess (known or unknown), or which may subsequently arise under any of the provisions of the Code or to which may be enforceable under any of the provisions of the Code, or any other law or statute, shall be preserved and this Court shall retain jurisdiction to dispose of such causes of action. All such causes of action shall belong to the Debtors as a part of the assets retained by the Debtors.

Dated: January 20, 2010

_____
Carl W. Collins
Attorney for Debtors

Dated: 1-20-10

_____
Emil Gamble

Dated: 1-20-10

_____
Evelyn Gamble